DPW:mdb 04-227 3/28/05

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RGP DENTAL, INC.

V. : C. A. NO:

THE CHARTER OAK FIRE
INSURANCE COMPANY

# COMPLAINT

## Jurisdictional Allegations

1. Plaintiff, RGP Dental, Inc. ("RGP"), is a Rhode Island corporation with its principal place of business in the Town of Bristol, State of Rhode Island.

2. Defendant, The Charter Oak Fire Insurance Company ("Charter Oak"), is a foreign insurer with a principal place of business in the City of Hartford, State of Connecticut but licensed to and carrying on the business of insurance within this state and actively so engaged.

3. In or about April of 2003, Charter Oak issued to RGP a renewal policy, Policy No: I-680-766Y0017-COF-03, a Manufacturer's PAC policy, in Rhode Island to RGP, with an effective date of from May 1, 2003 to May 1, 2004 ("said policy").

4. Attached hereto as Exhibit 1 is a true and exact copy of said policy.

5. Charter Oak has sufficient contacts with the State of Rhode Island to subject it to *in personam* jurisdiction in Rhode Island and is further subject to this court's jurisdiction in accordance with R.I. Gen. Laws §27-2-13.

## Factual Allegations

6. In or about May 16, 2003, Support Design AB ("Support Design") filed suit against RGP in the Superior Court, Cologne of the Federal Republic of Germany ("said German complaint").

7. Attached hereto as Exhibit 2 is a true and exact copy of an English translation of said German complaint.

8. RGP promptly retained counsel in its behalf to defend it against said German complaint.

9. At that time, RGP was not aware that said policy provided defense and indemnity coverage to RGP as to said German complaint.

10. On or about August 6, 2004, RGP first notified Charter Oak of the pendency of said German complaint and made demand upon Charter Oak to undertake the defense of said complaint ("said notice").

11. Attached hereto as Exhibit 3 is a true and exact copy of said notice.

12. On or about August 6, 2004, RGP received acknowledgement from Michael F. Sullivan of Charter Oak as to said notice ("said acknowledgement").

13. Attached hereto as Exhibit 4 is a true and exact copy of said acknowledgement.

14. On or about August 9, 2004, Michael F. Sullivan of Charter Oak sent RGP a formal acknowledgement of said notice ("said formal acknowledgement").

15. Attached hereto as Exhibit 5 is a true and exact copy of said formal acknowledgement.

16. On or about August 19, 2004, David Waugh of Charter Oak sent RGP a letter declining to undertake the defense of said German complaint ("said declination letter").

17. Attached hereto as Exhibit 6 is a true and exact copy of said declination letter.

**Count I**

**Breach of Contract**

18. RGP incorporates by reference all the allegations set forth in paragraphs 1-17, above, as if the same were set forth herein.

19. Since said policy was issued in Rhode Island to RGP, a Rhode Island resident, Rhode Island law applies as to the duty of Charter Oak, under said policy.

20. Said German complaint against RGP was in four counts seeking:

Count I: An order requiring RGP to refrain from marketing certain stools which RGP allegedly marketed as "knock-offs" of Support Design's stools in violation of Support Design's trademarks, in an effort to usurp the reputation of Support Design as to said stools, in violation of unfair competition laws, causing confusion as to consumers in regard to said stools, deceiving the public and resulting in unfair competition.

Count II: Damages for unfair competition, false designation of origin, false description, falsely using the term, "Swedish support system", copying of Support Design's stools, and using Support Design's trademarked design without permission.

Count III: Costs of suit.

Count IV: Guarantees as to said Damages and Costs.

21. Said German complaint sought damages from RGP arising out of advertising injury allegedly sustained by Support Design as a result of marketing activity by RGP.

22. By the terms of said policy, "advertising injury" includes, *inter alia*, "infringement of copyright, title or slogan".

23. Support Design's claim of injury or damage arose out of products made by RGP within the United States and/or involved the activities of an individual whose home was in the

United States but was in Europe on business and/or involved the marketing by RGP of its products on the Internet or similar electronic medium.

24. The question of the responsibility of RGP to pay damages to Support Design as to advertising /marketing activity in Germany is part and parcel of the damages claimed by Support Design in Support Design's suit against RGP filed in the United States District Court for the Western District of North Carolina.

25. Charter Oak was obligated, under said policy, to provide a defense to RGP as to said German complaint and to provide indemnity coverage.

26. By refusing to undertake the defense of said German complaint on behalf of RGP, Charter Oak breached said policy ("said breach").

27. RGP successfully defended said German action but incurred legal defense costs and expenses as to said German complaint.

28. As a result of said breach by Charter Oak, RGP incurred significant damages associated with its defense against said German complaint.

WHEREFORE, RGP demands judgment against Charter Oak for compensatory damages in excess of the jurisdictional minimum of this court.

**Count II**

**Bad Faith**

29. RGP incorporates by reference all the allegations set forth in paragraphs 1-28, above, as if the same were set forth herein.

30. Charter Oak had no reasonable basis to refuse to deny defense coverage to RGP as to said German complaint, as the overwhelming weight of authority, throughout the United States, holds that a complaint against an insured for infringement of trademark, such as said

German complaint, falls within the coverage afforded under the advertising offense of "infringement of copyright, title or slogan."

31. Charter Oak had actual knowledge that it had no reasonable basis to refuse to provide RGP with a defense to said German complaint and/or Charter Oak was recklessly indifferent to the facts or proof submitted by RGP.

32. Alternatively, Charter Oak either intentionally or recklessly failed to investigate the claim of RGP for defense coverage under said policy as to said German complaint and/or to subject the results of said investigation to cognitive evaluation and review.

33. As a result of the above, RGP has been forced to institute suit against Charter Oak and undergo the burden and expense of litigation in order to secure its right under said policy.

34. RGP has suffered damages resulting from the tort of Charter Oak's bad faith refusal to honor its contractual obligations under said policy.

WHEREFORE, RGP demands judgment against Charter Oak for compensatory and punitive damages and attorney's fees in excess of the jurisdictional minimum of this court.

Plaintiff,
RGP Dental, Inc.
By Its Attorneys,

Hanson Curran LLP

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040

Plaintiff, RGP Dental, Inc., hereby claims a trial by jury and designates David P. Whitman, Esq. as trial counsel.

Dated: March 28, 2005