**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

05 166

RGP DENTAL, INC, a corporation of the State of Rhode Island

- vs. -

THE CHARTER OAK FIRE INSURANCE COMPANY, a corporation of the State of Connecticut

C. A. NO. 05-1544

**NOTICE OF REMOVAL OF ACTION**
**PURSUANT TO 28 U.S.C. § 1441 (B) (DIVERSITY)**

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Pursuant to 28 U.S.C. § 1441, defendant, The Charter Oak Fire Insurance Company, hereby removes to this court the state court action described below, on the basis of diversity of citizenship. In support of this notice, defendant states:

1. Upon information and belief, on or about, March 28, 2005, an action was commenced in the Superior Court of the State of Rhode Island in and for the County of Providence, entitled, *RGP Dental, Inc. v. The Charter Oak Fire Insurance Company*, bearing Civil Action No. 05-1544. Service was made upon the Insurance Commissioner for the State of Rhode Island on or about March 29, 2005. Defendant's agent for service of process first received a copy of the summons and complaint, by service or otherwise, on April 5, 2005. Attached hereto as Exhibit "A", in accordance with 28 U.S.C. § 1446(a), are true and correct copies of the proof of service, the CSC service of process transmittal form, and the complaint, which constitute all of the process, pleadings and orders served on, or received by defendant. Defendant is not aware of any other pleadings or orders filed in this action and has not been served with any other papers.

2. The plaintiff, RGP Dental Inc., seeks relief for compensatory and punitive damages. Plaintiff alleges a breach of contract and a breach of the covenant of good faith and fair dealing.

3. The plaintiff, RGP Dental Inc., has sought relief from defendant, The Charter Oak Insurance Company in a similar matter. This complaint was initially served on defendant on or about September 17, 2004 and successfully removed by defendant on or about October 14, 2004. The defendant in this suit will seek to have the two claims consolidated in federal court.

**Jurisdiction and Venue**

4. This action is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this court by defendant pursuant to 28 U.S.C. § 1441(b), because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Removal is timely because this notice is filed within 30 days of the filing of the State Court Complaint, and therefore necessarily also within 30 days of any service that may have occurred. Venue is proper in this court because plaintiff alleges in its complaint that defendant, The Charter Oak Fire Insurance Company, has its principle place of business in Hartford, Connecticut.

**A. The Parties Are of Diverse Citizenship.**

5. Upon information and belief, plaintiff, RGP Dental, Inc., is a Rhode Island corporation with its principal place of business in Bristol, Rhode Island. Defendant, The Charter Oak Fire Insurance Company, is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Therefore, there is diversity of citizenship.

**B. The Amount in Controversy Exceeds $75,000.00.**

6. Plaintiff seeks relief for compensatory and punitive damages. Upon information and belief, the amount in controversy reasonably exceeds $75,000.00, exclusive of interest and costs.

**CONCLUSION**

7. The statutory requirements for removal are plainly met. There is diversity of citizenship and the plaintiff's claimed damages, and the amount in controversy will reasonably exceed $75,000.00. Removal of this case to this court is therefore warrented pursuant to 28 U.S.C. § 1441(b).

8. As to other statutory requirements, pursuant to 28 U.S.C. § 1446(a):

(1) a certified copy of the State Court file, containing copies of all process, pleadings and orders served upon defendant in the state court action will be filed pursuant to Local Rule 36 and General Order #2003-01;

(2) this notice of removal is filed within thirty (30) days of the receipt by defendant of the pleadings setting forth the claim for relief on which the action is based;

(3) defendant is simultaneously providing written notice of the removal of the state court action to plaintiff and the Providence County Superior Court.

Respectfully submitted,
Defendant
THE CHARTER OAK FIRE INSURANCE COMPANY
By its attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

James A. Ruggieri (#2828)
The Hay Building
123 Dyer Street
Providence, RI 02903-3987
Telephone: 401-272-3500 (x 134)
Facsimile: 401- 273-8780
Email: jruggieri@hcc-law.com

**CERTIFICATION**

I hereby certify that a copy of the within was hand-delivered to David P. Whitman, Esq., Hanson Curran LLP, 146 Westminister Street, Providence, RI 02903, on this 20th day of April, 2005.

FILED

RECEIVED
APR 5 2005

CSC.
CORPORATION SERVICE COMPANY

LGR / ALL
Transmittal Number: 3941927
Date Processed: 04/04/2005

# Notice of Service of Process

**Primary Contact:** SOP Scan - St. Paul
SOP - Scan - Wilmington
Sop - Scan
Suite 400 2711 Centerville Road
Wilmington, DE 19808

**Copy of transmittal only sent to:** Pamela Hoff

| | |
|---|---|
| **Entity:** | The Travelers Indemnity Company Of Connecticut<br>Entity ID Number 2317466 |
| **Entity Served:** | Travelers Indemnity Company of Connecticut |
| **Title of Action:** | RGP Dental Inc vs. The Charter Oak Fire Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | State of Rhode Island Providence Superior Court , Rhode Island |
| **Case Number:** | Not Shown |
| **Jurisdiction Served:** | Rhode Island |
| **Date Served on CSC:** | 04/01/2005 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Dept. of Insurance |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney :** | David P. Whitman<br>401-421-2154 |

**Notes:** This document was served on the Dept of Insurance on March 30, 2005

**Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.**

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, RI 02903 - 4233
TELEPHONE NO. (401) 222-2223

FAX No. (401) 222-5475
TDD No. (401) 222-2999

March 30, 2005

Travelers Indemnity Company of Connecticut
Corporation Service Company
222 Jefferson Blvd., Ste 200
Warwick RI 02888

Dear Sir or Madam:

Enclosed is a copy of a summons served upon me in the case of:

**RGP, Dental, Inc.**

**vs**

**The Charter Oak Fire Insurance Company**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

Associate Director/Superintendent of Insurance

DMA
Enclosures

CERTIFIED MAIL

# State of Rhode Island and Providence Plantations

.........Prov.........,SC

## PROOF OF SERVICE

I hereby certify that on the ......29th...... day of ....March 2005.... I served a copy of this summons and a copy of the complaint received therewith upon ....the Travelers Indemnity Company of Connecticut.... in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,............................................... ..................................................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ........................................... ..................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ......4/1/05 c/o [illegible handwriting]......

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

.............................................................................................................

.............................................................................................................

.............................................................................................................

Sheriff's Fees

Travel ........................ $....30—....

Service ........................ $....25— [illegible handwriting]....

$....[illegible handwriting]....

..............[signature].............. Deputy Sheriff

[illegible handwriting]

[illegible handwriting]

CIVIL ACTION

SUMMONS

FILE NO. ..............................

SUPERIOR COURT

RGP DENTAL, INC.

VS

THE CHARTER OAK FIRE INSURANCE CO.

[signature]

DAVID P. WHITMAN, ESQ.

ATTORNEY FOR PLAINTIFF

HANSON CURRAN LLP

146 Westminster Street

Providence, RI 02903

Phone: (401) 421-2154

Fax: (401) 521-7040

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

DPW:mdb 04-227 3/28/05

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RGP DENTAL, INC. :
:
V. : C. A. NO:
:
THE CHARTER OAK FIRE :
INSURANCE COMPANY :

## COMPLAINT

### Jurisdictional Allegations

1. Plaintiff, RGP Dental, Inc. ("RGP"), is a Rhode Island corporation with its principal place of business in the Town of Bristol, State of Rhode Island.

2. Defendant, The Charter Oak Fire Insurance Company ("Charter Oak"), is a foreign insurer with a principal place of business in the City of Hartford, State of Connecticut but licensed to and carrying on the business of insurance within this state and actively so engaged.

3. In or about April of 2003, Charter Oak issued to RGP a renewal policy, Policy No: I-680-766Y0017-COF-03, a Manufacturer's PAC policy, in Rhode Island to RGP, with an effective date of from May 1, 2003 to May 1, 2004 ("said policy").

4. Attached hereto as Exhibit 1 is a true and exact copy of said policy.

5. Charter Oak has sufficient contacts with the State of Rhode Island to subject it to *in personam* jurisdiction in Rhode Island and is further subject to this court's jurisdiction in accordance with R.I. Gen. Laws §27-2-13.

## Factual Allegations

6. In or about May 16, 2003, Support Design AB ("Support Design") filed suit against RGP in the Superior Court, Cologne of the Federal Republic of Germany ("said German complaint").

7. Attached hereto as Exhibit 2 is a true and exact copy of an English translation of said German complaint.

8. RGP promptly retained counsel in its behalf to defend it against said German complaint.

9. At that time, RGP was not aware that said policy provided defense and indemnity coverage to RGP as to said German complaint.

10. On or about August 6, 2004, RGP first notified Charter Oak of the pendency of said German complaint and made demand upon Charter Oak to undertake the defense of said complaint ("said notice").

11. Attached hereto as Exhibit 3 is a true and exact copy of said notice.

12. On or about August 6, 2004, RGP received acknowledgement from Michael F. Sullivan of Charter Oak as to said notice ("said acknowledgement").

13. Attached hereto as Exhibit 4 is a true and exact copy of said acknowledgement.

14. On or about August 9, 2004, Michael F. Sullivan of Charter Oak sent RGP a formal acknowledgement of said notice ("said formal acknowledgement").

15. Attached hereto as Exhibit 5 is a true and exact copy of said formal acknowledgement.

16. On or about August 19, 2004, David Waugh of Charter Oak sent RGP a letter declining to undertake the defense of said German complaint ("said declination letter").

17. Attached hereto as Exhibit 6 is a true and exact copy of said declination letter.

**Count I**

**Breach of Contract**

18. RGP incorporates by reference all the allegations set forth in paragraphs 1-17, above, as if the same were set forth herein.

19. Since said policy was issued in Rhode Island to RGP, a Rhode Island resident, Rhode Island law applies as to the duty of Charter Oak, under said policy.

20. Said German complaint against RGP was in four counts seeking:

Count I: An order requiring RGP to refrain from marketing certain stools which RGP allegedly marketed as "knock-offs" of Support Design's stools in violation of Support Design's trademarks, in an effort to usurp the reputation of Support Design as to said stools, in violation of unfair competition laws, causing confusion as to consumers in regard to said stools, deceiving the public and resulting in unfair competition.

Count II: Damages for unfair competition, false designation of origin, false description, falsely using the term, "Swedish support system", copying of Support Design's stools, and using Support Design's trademarked design without permission.

Count III: Costs of suit.

Count IV: Guarantees as to said Damages and Costs.

21. Said German complaint sought damages from RGP arising out of advertising injury allegedly sustained by Support Design as a result of marketing activity by RGP.

22. By the terms of said policy, "advertising injury" includes, *inter alia*, "infringement of copyright, title or slogan".

23. Support Design's claim of injury or damage arose out of products made by RGP within the United States and/or involved the activities of an individual whose home was in the

United States but was in Europe on business and/or involved the marketing by RGP of its products on the Internet or similar electronic medium.

24. The question of the responsibility of RGP to pay damages to Support Design as to advertising /marketing activity in Germany is part and parcel of the damages claimed by Support Design in Support Design's suit against RGP filed in the United States District Court for the Western District of North Carolina.

25. Charter Oak was obligated, under said policy, to provide a defense to RGP as to said German complaint and to provide indemnity coverage.

26. By refusing to undertake the defense of said German complaint on behalf of RGP, Charter Oak breached said policy ("said breach").

27. RGP successfully defended said German action but incurred legal defense costs and expenses as to said German complaint.

28. As a result of said breach by Charter Oak, RGP incurred significant damages associated with its defense against said German complaint.

WHEREFORE, RGP demands judgment against Charter Oak for compensatory damages in excess of the jurisdictional minimum of this court.

**Count II**

**Bad Faith**

29. RGP incorporates by reference all the allegations set forth in paragraphs 1-28, above, as if the same were set forth herein.

30. Charter Oak had no reasonable basis to refuse to deny defense coverage to RGP as to said German complaint, as the overwhelming weight of authority, throughout the United States, holds that a complaint against an insured for infringement of trademark, such as said

German complaint, falls within the coverage afforded under the advertising offense of "infringement of copyright, title or slogan."

31. Charter Oak had actual knowledge that it had no reasonable basis to refuse to provide RGP with a defense to said German complaint and/or Charter Oak was recklessly indifferent to the facts or proof submitted by RGP.

32. Alternatively, Charter Oak either intentionally or recklessly failed to investigate the claim of RGP for defense coverage under said policy as to said German complaint and/or to subject the results of said investigation to cognitive evaluation and review.

33. As a result of the above, RGP has been forced to institute suit against Charter Oak and undergo the burden and expense of litigation in order to secure its right under said policy.

34. RGP has suffered damages resulting from the tort of Charter Oak's bad faith refusal to honor its contractual obligations under said policy.

WHEREFORE, RGP demands judgment against Charter Oak for compensatory and punitive damages and attorney's fees in excess of the jurisdictional minimum of this court.

Plaintiff,
RGP Dental, Inc.
By Its Attorneys,

Hanson Curran LLP

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040

Plaintiff, RGP Dental, Inc., hereby claims a trial by jury and designates David P. Whitman, Esq. as trial counsel.

Dated: March 28, 2005