**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RGP DENTAL, INC., Plaintiff, v. CHARTER OAK FIRE INSURANCE COMPANY, Defendant. | Civil Action No.: 05-CV-166 ML<br>**ANSWER AND AFFIRMATIVE DEFENSES** |

## ANSWER

Defendant Charter Oak Fire Insurance Company, by and through its attorneys, Higgins, Cavanagh & Cooney, LLP, answer the complaint (the "Complaint") of RGP Dental, Inc. ("RGP") as follows:

### Jurisdictional Allegations

1. Charter Oak admits the allegations in paragraph 1 of the Complaint.

2. Charter Oak admits the allegations in paragraph 2 of the Complaint.

3. Charter Oak admits only that it issued to named insured RGP Dental, Inc. Policy No. I-680-766Y0017-COF-03 (the "Charter Oak Policy"), with an effective period of May 1, 2003 through May 1, 2004. Charter Oak further states that the terms, conditions, definitions, limitations and exclusions of the Charter Oak Policy speak for themselves. To the extent the allegations in paragraph 3 of the Complaint differ from, are inconsistent with, or improperly characterize those terms, conditions, definitions, limitations or exclusions, those allegations are denied.

5

4. Charter Oak denies that Exhibit 1 to the Complaint is a true and exact copy of the Charter Oak Policy.

5. Charter Oak states that the allegations in paragraph 5 of the Complaint constitute conclusions of law to which no response is necessary. Charter Oak does not dispute that this Court has personal jurisdiction over Charter Oak.

**Factual Allegations**

6. Upon information and belief, Charter Oak admits that, on or about May 16, 2003, Support Design AB ("Support Design") filed an "Institution of Proceedings" against RGP in the Superior Court, Cologne of the Federal Republic of Germany (the "Underlying Action").

7. Charter Oak denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 7 of the Complaint.

8. Charter Oak denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8 of the Complaint.

9. Charter Oak denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9 of the Complaint, except that it specifically denies that the Charter Oak Policy provides defense and indemnity coverage to RGP for the Underlying Action.

10. Charter Oak denies the allegations in paragraph 10 of the Complaint.

11. Charter Oak admits that Exhibit 3 to the Complaint is a true and exact copy of a form provided to Charter Oak by RGP's agent, John Andrade Insurance Agency, on or about August 6, 2004, but denies the allegations in paragraph 11 to the extent they suggest that form notified Charter Oak of the pendency of the Underlying Action.

12. Charter Oak admits only that Michael F. Sullivan sent an email dated August 6, 2004 to RGP regarding the form provided to Charter Oak by RGP's agent on or about August 6, 2004. That email is in writing and speaks for itself. To the extent the allegations contained in Paragraph 12 of the Complaint differ from, improperly characterize, or are inconsistent with the contents of Charter Oak's August 6, 2004 email, those allegations are denied. Charter Oak further denies that the August 6, 2004 email to RGP constituted an acknowledgement of notice of the Underlying Action.

13. Charter Oak admits that Exhibit 4 to the Complaint is a true and exact copy of the August 6, 2004 email from Charter Oak to RGP, but denies that email constituted an acknowledgement of notice of the Underlying Action.

14. Charter Oak admits only that Michael F. Sullivan sent RGP a letter dated August 9, 2004. That letter is in writing and speaks for itself. To the extent the allegations contained in paragraph 14 of the Complaint differ from, improperly characterize, or are inconsistent with the contents of Charter Oak's August 9, 2004 letter, those allegations are denied. Charter Oak further denies that the August 9 letter constituted an acknowledgement of notice of the Underlying Action.

15 Charter Oak admits that Exhibit 5 is a true and exact copy of the August 9, 2004 letter from Charter Oak to RGP, but denies that letter constituted an acknowledgement of notice of the Underlying Action.

16. Charter Oak admits only that David Waugh sent a letter to RGP dated August 19, 2004. That letter is in writing and speaks for itself. To the extent the allegations contained in paragraph 16 of the Complaint differ from, improperly characterize, or are inconsistent with the contents of Charter Oak's August 19, 2004 letter, those allegations are denied. Charter Oak

further denies that it declined to undertake the defense of the Underlying Action in the August 19, 2004 letter.

17. Charter Oak admits only that Exhibit 6 is a true and exact copy of the August 19, 2004 letter from Charter Oak to RGP, but denies that it declined to undertake the defense of the Underlying Action in that letter.

**Count I**

**Breach of Contract**

18. Charter Oak incorporates by reference its responses to all the allegations set forth in paragraphs 1-17 above, as if the same were set forth herein.

19. Charter Oak states that the allegations in paragraph 19 of the Complaint constitute conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Charter Oak admits that Rhode Island law governs the construction of the Charter Oak policy.

20. Charter Oak states that the Institution of Proceedings filed in the Underlying Action speaks for itself. To the extent the allegations in paragraph 20 of the Complaint differ from, improperly characterize, or are inconsistent with the allegations of the Institution of Proceedings, those allegations are denied.

21. Charter Oak states that the Institution of Proceedings filed in the Underlying Action speaks for itself. To the extent the allegations in paragraph 21 of the Complaint differ from, improperly characterize, or are inconsistent with the allegations of the Institution of Proceedings, those allegations are denied.

22. Charter Oak states that the terms, conditions, definitions, limitations and exclusions of the Charter Oak Policy speak for themselves. To the extent the allegations in

paragraph 22 of the Complaint differ from, are inconsistent with, or improperly characterize those terms, conditions, definitions, limitations or exclusions, those allegations are denied.

23. Charter Oak states that the Institution of Proceedings filed in the Underlying Action speaks for itself. To the extent the allegations in paragraph 23 of the Complaint differ from, improperly characterize, or are inconsistent with the allegations of the Institution of Proceedings, those allegations are denied.

24. Charter Oak denies the allegations in paragraph 24 of the Complaint.

25. Charter Oak denies the allegations in paragraph 25 of the Complaint.

26. Charter Oak denies the allegations in paragraph 26 of the Complaint.

27. Charter Oak admits, upon information and belief, the allegations in paragraph 27 of the Complaint.

28. Charter Oak denies the allegations in paragraph 28 of the Complaint.

**Count II**

**Bad Faith**

29. Charter Oak incorporates by reference its responses to all the allegations set forth in paragraphs 1-28 above, as if the same were set forth herein.

30. Charter Oak denies the allegations in paragraph 30 of the Complaint.

31. Charter Oak denies the allegations in paragraph 31 of the Complaint.

32. Charter Oak denies the allegations in paragraph 32 of the Complaint.

33. Charter Oak denies the allegations in paragraph 33 of the Complaint.

34. Charter Oak denies the allegations in paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief therein, fails to state a claim upon which relief can be granted against Charter Oak.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief therein, is barred and precluded, or limited in whole or in part, by the provisions, terms, exclusions, definitions, limitations and/or conditions of the Charter Oak Policy.

### THIRD AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent that not all conditions precedent and subsequent to the triggering of liability or coverage have been fulfilled.

### FOURTH AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses were not fortuitous.

### FIFTH AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent the alleged losses were known to RGP at the time the policy was procured.

### SIXTH AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses resulted from intentional or willful acts of RGP.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred in that the alleged losses do not constitute "damages" within the meaning of the policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred in that the alleged losses do not constitute "property damage" within the meaning of the policy.

**NINTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred in that the alleged losses do not constitute "bodily injury" within the meaning of the policy.

**TENTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred in that the alleged losses do not constitute "personal injury" within the meaning of the policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred in that the alleged losses do not constitute "advertising injury" within the meaning of the policy.

**TWELFTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred in that the alleged losses do not constitute "web site injury" within the meaning of the policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Coverage under the "bodily injury" and "property damage" provisions of the Charter Oak Policy is barred to the extent that the events giving rise to the alleged losses do not constitute an "accident" and/or "occurrence" within the meaning of the policy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Coverage under the "bodily injury" and "property damage" provisions of the Charter Oak Policy is barred to the extent that the alleged injury and/or damage was "expected or intended" from the standpoint of the insured.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Coverage under the "bodily injury" and "property damage" provisions of the Charter Oak Policy is barred to the extent that the alleged losses occurred prior to the inception, or after the expiration, of the applicable policy period.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Coverage under the "bodily injury" and "property damage" provisions of the Charter Oak Policy is barred in that the Institution of Proceedings does not allege an "occurrence" that took place in the "coverage territory."

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Coverage under the "advertising injury" provisions of the Charter Oak Policy is barred to the extent that the alleged losses were not caused by one of the enumerated "advertising injury" offenses.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Charter Oak Policy provides "advertising injury" coverage only for an injury caused by a covered "advertising injury" offense committed in the course of advertising the insured's goods, products or services. Coverage for the claims described in the Complaint are barred to the extent that they seek reimbursement, contribution, or indemnification for losses caused by alleged offenses that were not committed in the course of advertising the insured's goods, products or services.

## NINETEENTH AFFIRMATIVE DEFENSE

Coverage under the "advertising injury," "personal injury" and "web site injury" provisions of the Charter Oak Policy is barred to the extent the alleged losses were caused by an "advertising injury," "personal injury," or "web site injury" offense committed prior to the inception, or after the expiration of, the effective period of the policy.

## TWENTIETH AFFIRMATIVE DEFENSE

Coverage under the "advertising injury," "personal injury" and "web site injury" provisions of the Charter Oak Policy is barred in that the Institution of Proceedings does not allege that any "advertising injury," "personal injury" or "web site injury" offense was committed in the "coverage territory."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute liability which the insured has assumed in a contract or agreement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Coverage under the "personal injury" provisions of the Charter Oak Policy is barred to the extent the alleged losses were not caused by one of the enumerated "personal injury" offenses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "personal injury" arising out of advertising, publishing, broadcasting, or telecasting done by and/or for the insured.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Coverage under the "web site injury" provisions of the Charter Oak Policy is barred to the extent the alleged losses are not caused by one of the enumerated "web site injury" offenses.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Charter Oak Policy provides "web site injury" coverage only for an injury caused by a covered "web site injury" offense committed in the course of the visual or audio presentation of material on the insured's web site or in the numerical expression of computer code used to enable the insured's web site. Coverage for the claims described in the Complaint are barred to the extent that they seek reimbursement, contribution, or indemnification for losses caused by alleged offenses that were not committed in the course of the visual or audio presentation of material on the insured's web site or in the numerical expression of computer code used to enable the insured's web site.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent the alleged losses constitute "advertising injury," "personal injury," or "web site injury" arising out of oral, written or electronic publication of material done by or at the direction of the insured with knowledge of its falsity.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "advertising injury," "personal injury," or "web site injury" arising out of oral, written, or electronic publication of material whose first publication took place before the beginning of the policy period.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "advertising injury," "personal injury," or "web site injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.

**TWENTY- NINTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "advertising injury" or "web site injury" arising out of a breach of contract.

**THIRTIETH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "advertising injury" or "web site injury" arising out of the failure of goods, products or services to conform with advertised quality or performance.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "advertising injury" or "web site injury" arising out of the wrong description of the price of the goods, products or services.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "advertising injury" arising out of an offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The Charter Oak Policy provides no coverage for loss or damage which constitutes, represents or arises out of claims, demands or suits seeking equitable, restitutionary or injunctive relief.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "web site injury" arising out of dishonest, fraudulent, criminal or malicious acts, errors or omissions committed by any insured, or by anyone for whom the insured is legally responsible, whether acting alone or with others.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "web site injury" arising out of an offense committed by any insured whose business is providing access to intellectual property of others via the insured's web site.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "web site injury" arising out of the hosting of an electronic chatroom or bulletin board.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that the alleged losses constitute "web site injury" that is expected or intended by any insured.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred for punitive or exemplary damages because such insurance is barred by public policy.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Charter Oak has no obligation to pay defense costs incurred before RGP's defense demand was tendered to Charter Oak.

**FORTIETH AFFIRMATIVE DEFENSE**

The Charter Oak Policy does not afford coverage to any entity that is not a named insured or additional insured under the policy. To the extent any losses allegedly suffered by RGP were incurred during a period of time when RGP was not either a named insured or additional insured under the policy, coverage is barred.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The Charter Oak Policy provides no coverage with respect to the conduct of any current or past partnership or joint venture that is not identified in the policy as a named insured. Coverage under the Charter Oak Policy is barred to the extent those losses arise out of the conduct of such a partnership or joint venture.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

RGP's claims are barred, at least in part, to the extent that the attorneys' fees and expenses incurred by RGP in its defense of the Underlying Action are excessive and/or unreasonable.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that RGP had notice of conditions, events, or damages at issue in the Complaint and failed to give timely notice to Charter Oak in accordance with the terms of the Charter Oak Policy, no coverage exists.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent that RGP failed to mitigate, minimize or avoid any damages it allegedly sustained, recovery against Charter Oak, if any, must be reduced by that amount.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Charter Oak's liability, if any, is limited by the insurance contract provisions pertaining to the limits of liability, self-insured retentions, other applicable insurance, deductibles and any other provisions which limit Charter Oak's liability.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that any insured has failed to perform its obligations and comply with the terms, conditions and provisions of the insurance contract.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Coverage under the Charter Oak Policy is barred to the extent that any insured has voluntarily made any payments or incurred any expenses.

**WHEREFORE**, Charter Oak requests that the request for relief of RGP be denied and that judgment be entered against RGP and in favor of Charter Oak as follows:

1. A declaration that Charter Oak does not owe RGP a duty to provide it with a defense or indemnity in connection with the Underlying Action;

2. A declaration that Charter Oak does not owe RGP attorneys' fees, costs of investigation and expenses in connection with the Underlying Action or in connection with this action;

3. For such other and further relief as this Court deems just and proper.

Defendant
CHARTER OAK FIRE INSURANCE COMPANY
By Its Attorneys,

By: ______________________
James A. Ruggieri
Higgins, Cavanagh & Cooney, LLP
The Hay Building
123 Dyer Street
Providence, Rhode Island 02903-3987
Telephone: (401) 272-3500
Facsimile: (401) 273-8780

Of Counsel:
William T. Corbett, Jr.
Frederick P. Marczyk
DRINKER BIDDLE &REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047

Attorneys for Defendant
Charter Oak Fire Insurance Company

Dated: April 25, 2005

**CERTIFICATION**

I hereby certify that a copy of the within was hand-delivered to David P. Whitman, Esq., Hanson Curran LLP, 146 Westminister Street, Providence, RI 02903, on this 25th day of April, 2005.

______________________



SFNJ1 1058859v1